**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ELISHA H. SPRIGGS, JR.,**

    **Petitioner,**

**vs.**　　　　　　　　　　　　　　　　　　　　　**4:05cv54-MMP/AK**

**CHARLIE CRIST,**

    **Respondent.**

_____/

**REPORT AND RECOMMENDATION**

This cause is before the court upon a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner has also filed a motion for leave to proceed *in forma pauperis*.  Doc. 2.

Petitioner is currently incarcerated in Raiford, Florida, and challenges his conviction out of Broward County, Florida.  Jurisdiction is therefore appropriate in either the United States District Court for the Middle District of Florida or in the United States District Court for the Southern District of Florida, as the districts of confinement and conviction, respectively.  28 U.S.C. § 2241(d).   Under no circumstances is this cause properly pending in this district.

The district of conviction would appear to be the most convenient for witnesses should an evidentiary hearing be necessary, and therefore, transfer of this cause to the Southern District is appropriate. Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was appropriate venue over division of confinement in challenge to conviction); Parker v. Singletary, 974 F.2d 1562, 1582 n.118 (11th Cir. 1992) (courts should give careful consideration to convenience of witnesses in transferring habeas corpus petitions under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Southern District of Florida for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this 21st day of March, 2005.

s/ A. KORNBLUM
ALLAN KORNBLUM
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.